JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a)  PLAINTIFFS

SABRINA SMITROVICH

**(b)**  County of Residence of First Listed Plaintiff    SCHUYLKILL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire
Sidney L. Gold & Assoc., P.C.
1835 Market St., Suite 515 Phila., PA 19103 215-569-1999

## DEFENDANTS

SCHUYLKILL COUNTY TRANSPORTATION AUTHORITY

County of Residence of First Listed Defendant    SCHUYLKILL
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:     IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II.  BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ❏ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question  *(U.S. Government Not a Party)*
- ❏ 2  U.S. Government Defendant
- ❏ 4  Diversity  *(Indicate Citizenship of Parties in Item III)*

## III.  CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)*                                  *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ☒ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV.  NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ❏ 625 Drug Related Seizure | ❏ 422 Appeal 28 USC 158 | ❏ 375 False Claims Act |
| ❏ 120 Marine | ❏ 310 Airplane    ❏ 365 Personal Injury - | of Property 21 USC 881 | ❏ 423 Withdrawal | ❏ 376 Qui Tam (31 USC |
| ❏ 130 Miller Act | ❏ 315 Airplane Product     Product Liability | ❏ 690 Other | 28 USC 157 | 3729(a)) |
| ❏ 140 Negotiable Instrument | Liability    ❏ 367 Health Care/ | | | ❏ 400 State Reapportionment |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel &     Pharmaceutical | | **PROPERTY RIGHTS** | ❏ 410 Antitrust |
| & Enforcement of Judgment | Slander     Personal Injury | | ❏ 820 Copyrights | ❏ 430 Banks and Banking |
| ❏ 151 Medicare Act | ❏ 330 Federal Employers'     Product Liability | | ❏ 830 Patent | ❏ 450 Commerce |
| ❏ 152 Recovery of Defaulted | Liability    ❏ 368 Asbestos Personal | | ❏ 835 Patent - Abbreviated | ❏ 460 Deportation |
| Student Loans | ❏ 340 Marine     Injury Product | | New Drug Application | ❏ 470 Racketeer Influenced and |
| (Excludes Veterans) | ❏ 345 Marine Product     Liability | | ❏ 840 Trademark | Corrupt Organizations |
| ❏ 153 Recovery of Overpayment | Liability    **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ❏ 480 Consumer Credit |
| of Veteran's Benefits | ❏ 350 Motor Vehicle    ❏ 370 Other Fraud | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | ❏ 490 Cable/Sat TV |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle    ❏ 371 Truth in Lending | Act | ❏ 862 Black Lung (923) | ❏ 850 Securities/Commodities/ |
| ❏ 190 Other Contract | Product Liability    ❏ 380 Other Personal | ❏ 720 Labor/Management | ❏ 863 DIWC/DIWW (405(g)) | Exchange |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal     Property Damage | Relations | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury    ❏ 385 Property Damage | ❏ 740 Railway Labor Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| | ❏ 362 Personal Injury -     Product Liability | ❏ 751 Family and Medical | | ❏ 893 Environmental Matters |
| | Medical Malpractice | Leave Act | | ❏ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ❏ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | Act |
| ❏ 210 Land Condemnation | ❏ 440 Other Civil Rights   **Habeas Corpus:** | ❏ 791 Employee Retirement | ❏ 870 Taxes (U.S. Plaintiff | ❏ 896 Arbitration |
| ❏ 220 Foreclosure | ❏ 441 Voting    ❏ 463 Alien Detainee | Income Security Act | or Defendant) | ❏ 899 Administrative Procedure |
| ❏ 230 Rent Lease & Ejectment | ☒ 442 Employment    ❏ 510 Motions to Vacate | | ❏ 871 IRS—Third Party | Act/Review or Appeal of |
| ❏ 240 Torts to Land | ❏ 443 Housing/     Sentence | | 26 USC 7609 | Agency Decision |
| ❏ 245 Tort Product Liability | Accommodations    ❏ 530 General | | | ❏ 950 Constitutionality of |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities -    ❏ 535 Death Penalty | **IMMIGRATION** | | State Statutes |
| | Employment    **Other:** | ❏ 462 Naturalization Application | | |
| | ❏ 446 Amer. w/Disabilities -    ❏ 540 Mandamus & Other | ❏ 465 Other Immigration | | |
| | Other    ❏ 550 Civil Rights | Actions | | |
| | ❏ 448 Education    ❏ 555 Prison Condition | | | |
| | ❏ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V.  ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1  Original Proceeding
- ❏ 2  Removed from State Court
- ❏ 3  Remanded from Appellate Court
- ❏ 4  Reinstated or Reopened
- ❏ 5  Transferred from Another District *(specify)*
- ❏ 6  Multidistrict Litigation - Transfer
- ❏ 8  Multidistrict Litigation - Direct File

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE VII, PHRA

Brief description of cause:

## VII.  REQUESTED IN COMPLAINT:

❏  CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $   150,000.00 in excess

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ❏ No

## VIII.  RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE   05/07/2020

SIGNATURE OF ATTORNEY OF RECORD   /S/ SIDNEY L. GOLD, ESQUIRE

**FOR OFFICE USE ONLY**

RECEIPT #  _____    AMOUNT  _____    APPLYING IFP  _____    JUDGE  _____    MAG. JUDGE  _____

**INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44**

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**. **(See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SABRINA SMITROVICH, | : | |
| | : | **CIVIL ACTION NO.:** |
| *Plaintiff,* | : | |
| | : | |
| vs. | : | |
| | : | |
| SCHUYLKILL COUNTY | : | |
| TRANSPORTATION AUTHORITY, | : | |
| | : | |
| *Defendant.* | : | |

**COMPLAINT AND JURY DEMAND**

**I.    PRELIMINARY STATEMENT:**

1.    This is an action for an award of damages, attorneys' fees, and other relief on behalf of the Plaintiff, Sabrina Smitrovich ("Plaintiff Smitrovich"), a former employee of the Defendant, Schuylkill County Transportation Authority ("Defendant"), who has been harmed by the Defendant's discriminatory and retaliatory employment practices.

2.    This action is brought under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. §2000(e), et seq. ("Title VII"), and the Pennsylvania Human Relations Act, 43 P.S. §951, et seq. ("PHRA").

**II.    JURISDICTION AND VENUE:**

3.    The jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §1331 and §1391 as Plaintiff Smitrovich's claims are substantively based on Title VII.

4.    The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Smitrovich's claims arising under the PHRA.

5. All conditions precedent to the institution of this suit have been fulfilled and Plaintiff Smitrovich has satisfied all other jurisdictional prerequisites to the maintenance of this action. On February 10, 2020, a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission ("EEOC") and this action has been filed within ninety (90) days of receipt of said notice.

### III. PARTIES:

6. Plaintiff, Sabrina Smitrovich ("Plaintiff Smitrovich"), is an adult citizen of the Commonwealth of Pennsylvania, residing therein at 7 Scenic Avenue, Ashland, Pennsylvania 17921.

7. Defendant, Schuylkill County Transportation Authority ("Defendant"), is a transportation authority duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business therein located at 300 South Centre Street, Pottsville, Pennsylvania 17901.

8. At all times relevant hereto, Defendant was acting through its agents, servants, and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9. At all times material herein, the Defendant is and has been a "person" and an "employer" as defined under Title VII and the PHRA, and is accordingly subject to the provisions of each said Act.

### IV. STATEMENT OF FACTS:

10. Plaintiff Smitrovich was employed by the Defendant from on or about April 16, 2018 until on or about December 10, 2018, the date of her unlawful termination.

11. Throughout her tenure of employment with the Defendant, Plaintiff Smitrovich held the position of Human Resources Director.

12. By way of background, as Human Resources Director, Plaintiff Smitrovich reported directly to Dave Bekisz ("Bekisz"), Executive Director.

13. By way of further background, at the time of Plaintiff Smitrovich's hire, Bekisz and John Consugar ("Consugar"), Financial Director, represented to Plaintiff Smitrovich that her salary would increase from $48,000 to $50,000 per annum at the end of her ninety (90) day probationary period.

14. In or about early April of 2018, prior to Plaintiff Smitrovich's official start date with Defendant, Bekisz summoned Plaintiff Smitrovich to a meeting to discuss Robin Duncan ("Duncan"), Customer Service Representative, one of the Defendant's employees who was hired in or about December of 2017.

15. During said meeting, Bekisz stated to Plaintiff Smitrovich, "we have a little problem – we hired [Duncan] and she's already fucking knocked up." Bekisz continued, "I want to confront her – doesn't she have to tell me this shit?"

16. In response, Plaintiff Smitrovich informed Bekisz that Duncan had no obligation to immediately disclose her pregnancy to Defendant and opposed Bekisz discriminatory remarks.

17. However, thereafter, Bekisz began discriminating against Duncan based on her sex/pregnancy by attempting to fabricate a reason to terminate her employment. Moreover, Bekisz frequently disparaged Duncan and ridiculed her for being pregnant. On one such occasion Bekisz stated to Plaintiff Smitrovich, "she's already got four kids by two different men. [It would be] probably cheaper for her to not work and be on welfare."

3

18.     In or about May of 2018, Bekisz hired Chris Gonzalez ("Gonzalez") to a Customer Service Representative position, despite the fact that Defendant had no open positions. Moreover, upon Gonzalez's hire, the Defendant compensated Gonzalez at the same rate of pay as significantly more experienced and tenured females in Customer Service positions.

19.     Thereafter, at the close of Gonzalez's probationary period, Bekisz awarded Gonzalez a salary increase, thereby compensating him at a rate of pay substantially greater than significantly more experienced females in Customer Service positions.

20.     By way of elaboration, following his salary increase, Defendant compensated Gonzalez at a rate of $12.00 per hour, whereas Desiree Stephenson-Robinson ("Stephenson-Robinson"), Customer Service Representative, the most tenured employee in the department, earned only $11.50 per hour.

21.     On or about June 27, 2018, Plaintiff Smitrovich reminded Bekisz that her probationary period would expire on July 15, 2018 and requested a meeting to discuss her promised salary increase. Not only did Bekisz refuse to meet with Plaintiff Smitrovich, but Defendant failed to increase Plaintiff Smitrovich's salary as agreed upon at the time of her hire.

22.     In or about July of 2018, Bekisz requested that Plaintiff Smitrovich and Krysta Riedel-Yohn ("Riedel-Yohn"), IT Representative, visit the site of construction site of Defendant's newest facility. When Plaintiff Smitrovich asked whether the Defendant had chosen a design for the interior, Bekisz replied, "don't think I'm going to let any woman pick out the colors."

23.     As further discrimination, Bekisz often prohibited Plaintiff Smitrovich from speaking or otherwise participating in management meetings involving human resources issues.

When Plaintiff Smitrovich raised her concerns with Bekisz, he specifically instructed Plaintiff Smitrovich to "just sit there and fucking look pretty and take notes."

24.    In or about late September of 2018, an incident occurred between George Doyle ("Doyle"), Bus Driver and Wanda Leffew ("Leffew"), Bus Driver, two employees of Defendant who were engaged in a relationship. When Bekisz learned of the same, he immediately blamed Leffew and referred to Leffew as a "whore" in Plaintiff Smitrovich's presence.  Plaintiff Smitrovich protested Bekisz's discriminatory remark.

25.    In connection therewith, Plaintiff Smitrovich investigated the incident and learned that Doyle, rather than Leffew, had engaged in wrongdoing. Accordingly, Plaintiff Smitrovich recommended that Doyle be disciplined. However, Bekisz refused to follow Plaintiff Smitrovich's recommendation because he did not want to "rock the boat" and accused Leffew of using Doyle for money.

26.    Thereafter, Bekisz, Plaintiff Smitrovich, and Gary Martinitis ("Martinitis"), Controller, met with Doyle to discuss the aforementioned incident. During said meeting, Bekisz stated to Doyle, "we all fucking know how women can be," thereby condoning Doyle's conduct. Moreover, Bekisz allowed Doyle to spend the entirety of the meeting disparaging Leffew rather than discussing Doyle's inappropriate conduct.

27.    On or about October 19, 2018, Plaintiff Smitrovich registered a complaint with Bekisz regarding Gary Muclada ("Muclada"), Dispatcher, who Defendant regularly allowed to work from home and to clock in to work as early at 2:00 AM, notwithstanding the fact that no buses operated at that time. Plaintiff Smitrovich specifically raised her concern that Defendant treated Muclada preferentially, as no female employees were permitted to work from home or work irregular hours. However, Bekisz disregarded Plaintiff Smitrovich's concerns.

5

28.    Thereafter, on or about October 26, 2018, Plaintiff Smitrovich registered another complaint of sex discrimination regarding Defendant's disparate pay of male and female employees in the customer service department. In response, Bekisz retorted, "What do you want me to do?  Increase the wages for all customer service?"

29.    Thereafter, in retaliation for opposing discrimination, Bekisz began unjustifiably criticizing Plaintiff Smitrovich's work performance and treating her in a cold and hostile manner.

30.    As further retaliation, on or about December 4, 2018, Bekisz and Plaintiff Smitrovich met with Pete Shuminski ("Shuminski"), Payroll Clerk, to discuss a payroll issue. During said meeting, Bekisz became irrationally angry with Plaintiff Smitrovich and yelled "fucking wow, Jesus fucking Christ, I can't fucking take you!" causing Plaintiff Smitrovich extreme discomfort, humiliation and embarrassment.

31.    Shortly thereafter, on or about December 10, 2018, Defendant abruptly terminated Plaintiff Smitrovich's employment, allegedly because Defendant "no longer needed [Plaintiff Smitrovich's] services."

32.    Plaintiff Smitrovich believes and avers that no legitimate business reason existed for her termination, and that Defendant actually terminated Plaintiff Smitrovich's employment based on her sex (female) and/or in retaliation for registering complaints of discrimination.

**COUNT I**
**(Title VII - Sex Discrimination, Retaliation)**
**Plaintiff Smitrovich v. Defendant**

33.    Plaintiff Schult incorporates by reference paragraphs 1 through 32 of her Complaint as though fully set forth at length herein.

34.    The actions of Defendant, through its agents, servants and employees, in subjecting Plaintiff Smitrovich to discrimination based on her sex, and retaliation for opposing

6

discrimination in the workplace, ultimately resulting in the termination of her employment, constituted violations of Title VII.

35.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendant in violation of Title VII, Plaintiff Smitrovich sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

36.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory practices engaged in by Defendant in violation of Title VII, Plaintiff Smitrovich suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (PHRA - Sex Discrimination, Retaliation)
### Plaintiff Smitrovich v. Defendant

37.     Plaintiff Smitrovich incorporates by reference paragraphs 1 through 36 of her Complaint as though fully set forth at length herein.

38.     The actions of the Defendant, through its agents, servants and employees, in subjecting Plaintiff Smitrovich to discrimination based on her sex, and retaliation for opposing discrimination in the workplace, ultimately resulting in the termination of her employment, constituted violations of the PHRA.

39.     As a direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Smitrovich sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

7

40.     As a further direct result of the aforesaid unlawful discriminatory and retaliatory employment practices engaged in by Defendant in violation of the PHRA, Plaintiff Smitrovich suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

41.     Plaintiff Smitrovich incorporates by reference paragraphs 1 through 40 of her Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Smitrovich requests that this Court enter judgment in her favor and against the Defendant, and order that:

a.      Defendant compensate Plaintiff Smitrovich with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination and retaliation;

b.      Defendant compensate Plaintiff Smitrovich with an award of front pay, if appropriate;

c.      Defendant pay Plaintiff Smitrovich punitive damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

d.      Defendant pay to Plaintiff Smitrovich pre- and post- judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

e.      the Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Smitrovich demands trial by jury.


                                    SIDNEY L. GOLD & ASSOC., P.C.

                        By:      /s/ Sidney L. Gold, Esquire
                                 SIDNEY L. GOLD, ESQUIRE
                                 I.D. NO.: 21374
                                 1835 Market Street, Ste. 515
                                 Philadelphia, PA 19103
                                 215.569.1999
                                 Attorneys for Plaintiff

DATED:    May 7, 2020

9

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 4/1/2020

SABRINA SMITROVICH, PLAINTIFF